**FILED**
**FEBRUARY 8, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 861**

| | | |
|---|---|---|
| **MARC S. ALLEN** on behalf of himself and all other plaintiffs known and unknown, | ) ) ) ) | |
| Plaintiff | ) ) ) | **NO.** 08 CV |
| | | Honorable Judge |
| v. | ) ) ) | Magistrate Judge |
| **CITY-BEVERAGE, L.L.C., AND MICHAEL DOWD, INDIVIDUALLY** | ) ) ) ) | _JURY DEMAND_ |
| Defendants | ) | |

**JUDGE NORGLE**
**MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT

NOW COMES Plaintiff, **MARC S. ALLEN,** on behalf of himself and all other Plaintiffs similarly situated, by and through his attorney, JOHN W. BILLHORN, and for his Complaint against Defendants, **CITY-BEVERAGE, L.L.C., AND MICHAEL DOWD, INDIVIDUALLY,** states as follows:

**I.    NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, _et seq._, and the Portal-to-Portal Act, 29 U.S.C. §251 _et seq.,_ the Illinois Minimum Wage Law, 820 ILCS 105/1 _et seq._, and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, _et seq_.

**II.    JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 _et seq_., and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendants are engaged in business in this district.

### III.    PARTIES

3. Defendants, **CITY-BEVERAGE L.L.C., AND MICHAEL DOWD, INDIVIDUALLY,** (hereinafter "Defendants") are engaged in the business of providing beverage services.  As such, Defendants' services qualify as an enterprise engaged in commerce as defined by the FLSA.  During all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff as well as the proposed class of employees and, therefore, were and are "employers" as defined under both the federal and state statutes relied upon herein.

4. Plaintiff, **MARC S. ALLEN,** (hereinafter "the named Plaintiff") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either present or past salaried employees of Defendants.  As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all Plaintiffs similarly situated also were engaged in commerce as defined by the FLSA.

### IV.    CLASS ALLEGATIONS

**Fair Labor Standards Act**

5. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiff as an opt-in representative action, for and on behalf of himself and other past and present salaried employees similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.*  Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations.  Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.  Plaintiff seeks to send Notice to all similarly situated salaried employees who have been denied proper over time compensation as required by 29 USC Section 216(b) and supporting case law.

**Illinois Minimum Wage Law**

6. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action.

**Illinois Wage Payment and Collection Act**

7. Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 et seq., Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action

V.　　**FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

8. The named Plaintiff and all other represented Plaintiffs, known and unknown, at all times pertinent to the cause of action, were or are employed by Defendants, said employment being integral and indispensable to Defendants' business.

9. Defendant employed the Plaintiff, and similarly situated members of the class, known and unknown, on a "salaried" basis when, in fact, the job duties of Plaintiff and members of the Plaintiff class, did not and do not qualify under any of the exemptions established by the FLSA. As such, Plaintiff and members of the class were required to work in excess of forty (40) hours in a workweek, without pay for those hours over forty (40) at a rate of time and one-half his regular hourly rate, pursuant to the requirements of the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-9. Paragraphs 1 through 9 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 9 of this Count I.

10. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et. seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

11. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, at the rate of one and one-half times their regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the F.L.S.A.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a) awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-9    Paragraphs 1 through 9 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of Count II.

10. Defendants have, both in the past and presently, willfully failed to pay the named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

11. Defendants continue a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

12. Pursuant to the Fair Labor Standards Act, Plaintiff, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a)    awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)    awarding prejudgment interest with respect to the amount of unpaid compensation;

(c)    awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES

## UNDER THE FAIR LABOR STANDARDS ACT

1-9. Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of Count III.

10. In denying the named Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half their hourly rate of pay for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

11. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-9. Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of this Count IV.

10. The Illinois Minimum Wage Law provides one and one half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek.

11. Defendants' failure to pay the overtime wages as described has been willful and/or in bad faith.

WHEREFORE, the named Plaintiff requests this Court to enter an Order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

Plaintiff further requests that:

(c) this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) this Court order Defendants' to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) this Court award whatever additional relief it deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM

### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-9. Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of this Count V.

10. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .". Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

11. As part of the employment agreement between the parties herein, Defendants agreed they would pay compensation in compliance with state and federal law.

12. The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned". Plaintiff herein and other absent Plaintiffs, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

13. The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Plaintiff herein has been denied payment of her rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

14. Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** the named Plaintiff requests this Court to enter an Order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedies the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

Plaintiff further requests that:

(d) this Court order Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) is Court award whatever additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 2/8/2008*

s/John W. Billhorn

_____

John W. Billhorn, attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.

BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450

𝓑ILLHORN
  𝓛AW
    𝓕IRM

# CONSENT TO BE PARTY PLAINTIFF

This agreement, entered into on this 7 day of ~~December, 2007~~ January 2008, between **MARC S. ALLEN** (Client) and John W. Billhorn, (Attorney), hereby authorizes and engages the Billhorn Law Firm to pursue back wages and other relief against **CITY-BEVERAGE L.L.C., AND MICHAEL DOWD, INDIVIDUALLY,** and by the signature below, **MARC S. ALLEN**, hereby consents to be a party Plaintiff in said law suit.

_____
CLIENT'S SIGNATURE