**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARC S. ALLEN on behalf of himself and all other plaintiffs known and unknown, | ) | No. 08 CV 0861 |
| Plaintiff, | ) | Honorable Judge Norgle |
| v. | ) | Magistrate Judge Schenkier |
| CITY-BEVERAGE, L.L.C., and MICHAEL DOWD, individually, | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants CITY Beverage-Markham L.L.C. (incorrectly identified in the caption of the Complaint as City-Beverage, L.L.C.), and Michael Dowd, pursuant to Fed. R. Civ. P. 8 & 12, state as follows for their Answer and Affirmative Defenses to Plaintiff's Complaint:

## I. NATURE OF ACTION

**COMPLAINT ¶ NO. 1:**

This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, *et seq*.

**ANSWER:**

Defendants admit that Plaintiff purports to assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Portal to Portal Act, 29 U.S.C. § 251, *et seq*., the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. ("IWPCA"). Defendants deny each and every remaining allegation of Complaint Paragraph No. 1.

## II. JURISDICTION AND VENUE

**COMPLAINT ¶ NO. 2:**

Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendants are engaged in business in this district.

**ANSWER:**

Defendants admit the allegations contained in Complaint Paragraph No. 2.

## III. PARTIES

**COMPLAINT ¶ NO. 3:**

Defendants, **CITY-BEVERAGE L.L.C. AND MICHAEL DOWD INDIVIDUALLY**, (hereinafter "Defendants") are engaged in the business of providing beverage services. As such, Defendants' services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff as well as the proposed class of employees and, therefore, were and are "employers" as defined under both the federal and state statutes relied upon herein.

**ANSWER:**

Defendants admit that they are in the business of providing beverage services. Defendants also admit that City-Beverage, L.L.C. is engaged in commerce as defined by the FLSA and that City-Beverage, L.L.C. is an "employer" as defined under the federal and state statutes relied upon in Plaintiff's complaint. Defendants deny each and every remaining allegation contained in Complaint Paragraph No. 3.

**COMPLAINT ¶ NO. 4:**

Plaintiff, **MARC S. ALLEN**, (hereinafter "the named Plaintiff") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either present or past salaried employees of Defendants. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all Plaintiffs similarly situated also were engaged in commerce as defined by the FLSA.

**ANSWER:**

Defendants admit that Plaintiff, Marc S. Allen, is a former employee of City-Beverage, L.L.C. Defendants also admit that Plaintiff was paid on a salary basis. Defendants also admit that Plaintiff was engaged in commerce as defined by the FLSA. Defendants deny each and every remaining allegation contained in Complaint Paragraph No. 4.

## IV. CLASS ALLEGATIONS

### Fair Labor Standards Act

**COMPLAINT ¶ NO. 5:**

Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiff as an opt-in representative action, for and on behalf of himself and other past and present salaried employees similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq*. and §251 *et. seq*. Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiff seeks to send Notice to all similarly situated salaried employees who have been denied proper over time compensation as required by 29 USC Section 216(b) and supporting case law.

**ANSWER:**

Defendants admit that in Count I, Plaintiff purports to allege FLSA claims as an opt-in representative action on behalf of himself and other past and present salaried employees. Defendants also admit that the Fair Labor Standards Act, 29 U.S.C. § 216(b), provides the procedures for maintaining an opt-in representative action. Defendants admit that in Count II, Plaintiff alleges a willful violation of the FLSA and seeks an additional third year of limitations. Defendants also admit that in Count III, Plaintiff seeks liquidated damages under 29 U.S.C. § 260. Defendants also admit that Plaintiff purports to seek to send Notice pursuant to 29 U.S.C. § 216(b) to a purported class of Plaintiffs. Defendants deny each and every remaining allegation contained in Complaint Paragraph No. 5.

**Illinois Minimum Wage Law**

**COMPLAINT ¶ NO. 6:**

Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 *et seq*. Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action.

**ANSWER:**

Defendants admit that in Count IV, Plaintiff purports to allege a claim under the IMWL, 820 ILCS 105/1 *et seq*. Defendants deny each and every remaining allegation contained in Complaint Paragraph No.6.

**Illinois Wage Payment and Collection Act**

**COMPLAINT ¶ NO. 7:**

Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et seq*., Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action

**ANSWER:**

Defendants admit that in Count V, Plaintiff purports to allege a claim under the IWPCA, 820 ILCS 115/1 *et seq*. Defendants deny each and every remaining allegation contained in Complaint Paragraph No. 7.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

**COMPLAINT ¶ NO. 8:**

The named Plaintiff and all other represented Plaintiffs, known and unknown, at all times pertinent to the cause of action, were or are employed by Defendants, said employment being integral and indispensable to Defendants' business.

**ANSWER:**

Defendants admit that Plaintiff was employed by City-Beverage, L.L.C. Defendants deny each and every remaining allegation contained in Complaint Paragraph No. 8.

**COMPLAINT ¶ NO. 9:**

Defendant employed the Plaintiff, and similarly situated members of the class, known and unknown, on a "salaried" basis when, in fact, the job duties of Plaintiff and members of the Plaintiff class, did not and do not qualify under any of the exemptions established by the FLSA. As such, Plaintiff and members of the class were required to work in excess of forty (40) hours in a workweek, without pay for those hours over forty (40) at a rate of time and one-half his regular hourly rate, pursuant to the requirements of the federal and state statutes herein relied upon.

**ANSWER:**

Defendants admit that Plaintiff was employed on a salaried basis. Defendants deny each and every remaining allegation contained in Complaint Paragraph No. 9.

**COUNT I**

**VIOLATION OF FAIR LABOR STANDARDS ACT**

**COMPLAINT ¶ NO. 1-9:**

Paragraphs 1 through 9 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 9 of this Count I.

**ANSWER:**

Defendants incorporate their answers to Complaint Paragraphs 1 through 9 as if set forth fully herein.

**COMPLAINT ¶ NO. 10:**

Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*., and the Portal-to-Portal Act 29 U.S.C. §251 *et. seq*., the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

**ANSWER:**

Defendants deny each and every allegation contained in Complaint Paragraph No. 10 of Count I.

**COMPLAINT ¶ NO. 11:**

Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, at the rate of one and one-half times their regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the F.L.S.A.

**ANSWER:**

Defendants admit that Plaintiff did not receive overtime compensation for hours worked over forty in a work week. Defendants deny each and every remaining allegation contained in Complaint Paragraph No. 11 of Count I.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

**COMPLAINT ¶ NO. 1-9:**

Paragraphs 1 through 9 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of Count II.

**ANSWER:**

Defendants incorporate their answers to Complaint Paragraphs No. 1 through 9 as if set forth fully herein.

**COMPLAINT ¶ NO. 10:**

Defendants have, both in the past and presently, willfully failed to pay the named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

**ANSWER:**

Defendants admit that Plaintiff did not receive overtime compensation for hours worked over forty in a work week. Defendants deny each and every remaining allegation contained in Complaint Paragraph No. 10 of Count II.

**COMPLAINT ¶ NO. 11:**

Defendants continue a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

**ANSWER:**

Defendants deny each and every allegation contained in Complaint Paragraph No. 11 of Count II.

**COMPLAINT ¶ NO. 12:**

Pursuant to the Fair Labor Standards Act, Plaintiff, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

**ANSWER:**

Defendants deny each and every allegation contained in Complaint Paragraph No.12 of Count II.

**COUNT III**

**LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT**

**COMPLAINT ¶ NO. 1-9:**

Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of Count III.

**ANSWER:**

Defendants incorporate their answers to Complaint Paragraphs No. 1 though 9 as if set forth fully herein.

**COMPLAINT ¶ NO. 10:**

In denying the named Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half their hourly rate of pay for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

**ANSWER:**

Defendants deny each and every allegation contained in Complaint Paragraph No. 10 of Count III.

**COMPLAINT ¶ NO. 11:**

The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

**ANSWER:**

Defendants deny each and every allegation contained in Complaint Paragraph No. 11 of Count III.

**COUNT IV**

**SUPPLEMENTAL STATE LAW CLAIM
VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**

**COMPLAINT ¶ NO. 1-9:**

Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of this Count IV.

**ANSWER:**

Defendants incorporate their answers to Complaint Paragraphs No. 1 through 9 as if set forth fully herein.

**COMPLAINT ¶ NO. 10:**

The Illinois Minimum Wage Law provides one and one half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek.

**ANSWER:**

Defendants admit that the Illinois Minimum Wage Law prescribes minimum wage and maximum hour obligations for employers. Defendants deny each and every remaining allegation contained in Complaint Paragraph No. 10 of Count IV.

**COMPLAINT ¶ NO. 11:**

Defendants' failure to pay the overtime wages as described has been willful and/or in bad faith.

**ANSWER:**

Defendants deny each and every allegation contained in Complaint Paragraph No. 11 of Count IV.

**COUNT V**

**SUPPLEMENTAL STATE LAW CLAIM**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

**COMPLAINT ¶ NO. 1-9:**

Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of this Count V.

**ANSWER:**

Defendants incorporate their answers to Complaint Paragraphs No. 1 through 9 as if set forth fully herein.

**COMPLAINT ¶ NO. 10:**

The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .". Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

**ANSWER:**

Defendants admit that the Illinois Wage Payment and Collection Act, Section 2 defines wages and "final compensation." Defendants deny each and every remaining allegation in Complaint Paragraph No. 10 of Count V.

**COMPLAINT ¶ NO. 11:**

As part of the employment agreement between the parties herein, Defendants agreed they would pay compensation in compliance with state and federal law.

**ANSWER:**

Defendants deny each and every allegation contained in Complaint Paragraph No. 11 of Count V.

**COMPLAINT ¶ NO. 12:**

The Illinois Wage Payment and Collection Act, Section 4 provides that " [A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned". Plaintiff herein and other absent Plaintiffs, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

**ANSWER:**

Defendants admit that the Illinois Wage Payment and Collection Act, Section 4, provides "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." Defendants deny each and every remaining allegation contained in Complaint Paragraph No. 12 of Count V.

**COMPLAINT ¶ NO. 13:**

The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. [sic] Plaintiff herein has been denied payment of her rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

**ANSWER:**

Defendants admit that the Illinois Wage Payment and Collection Act, Section 5, provides that "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." Defendants deny all remaining allegations contained in Complaint Paragraph No. 13 of Count V.

**COMPLAINT ¶ NO. 14:**

Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

**ANSWER:**

Defendants deny each and every allegation contained in Complaint Paragraph No. 14 of Count V.

**AFFIRMATIVE DEFENSES**

1. The claims of Plaintiff and/or others are barred because they were properly classified as exempt from the minimum wage and/or overtime requirements of the FLSA and the Illinois Minimum Wage Law.

2. Plaintiff's and/or others' claims under the Illinois Wage Payment and Collection Act are preempted by the FLSA.

3. The claims of Plaintiff and/or others are barred to the extent that they are outside the applicable statutes of limitation period.

4. To the extent Plaintiff and/or others are entitled to back pay, the wages Defendants paid them constituted compensation for all hours worked.

5. Defendants have acted in good faith compliance with the FLSA and have had reasonable grounds for believing they are in compliance with the FLSA.

6. Defendants presently have insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses. Defendants therefore reserve the right to assert such additional affirmative defenses in the event discovery or further proceedings indicate such defenses would be appropriate.

**DATED: April 15, 2008.**

Respectfully submitted,

CITY BEVERAGE-MARKHAM L.L.C., and
MICHAEL DOWD, individually

By: /s/_Julie C. Reyes
One of Their Attorneys

Noah A. Finkel
Rebecca P. Bromet
Julie C. Reyes
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)

**CERTIFICATE OF SERVICE**

I, Julie C. Reyes, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT to be served upon the following through electronic case filing system on this 15th day of April, 2008:

John W. Billhorn
BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450

/s/_Julie C. Reyes
Julie C. Reyes