IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARC S. ALLEN on behalf of himself and all other plaintiffs known and unknown,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY-BEVERAGE, L.L.C., and MICHAEL DOWD, individually,<br><br>    Defendants. | )<br>)<br>)  No. 08 CV 0861<br>)<br>)  Honorable Judge Norgle<br>)<br>)  Magistrate Judge Schenkier<br>)<br>)<br>)<br>) |

**JOINT DISCOVERY PLAN**

Pursuant to this Court's order, John W. Billhorn, Billhorn Law Firm, 515 North State Street, Suite 2200, Chicago, Illinois 60610, representing Plaintiff, and Noah A. Finkel and Rebecca P. Bromet, Seyfarth Shaw LLP, 131 South Dearborn Street, Suite 2400, Chicago, Illinois 60603, representing Defendants, conferred on June 11, 2008 and July 22, 2008 pursuant to Rule 26(f) to discuss this Joint Discovery Plan. To that end, the parties state and propose the following:

**I.     FACTUAL STATEMENT OF CLAIMS AND DEFENSES**

Plaintiff Marc S. Allen alleges under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. ("IWPCA") that he was improperly classified as an exempt employee under the FLSA and the IMWL, and thus, he is entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay, as well as liquidated damages. Plaintiff claims he is entitled to payment of overtime under the IWPCA.

Defendant denies that Plaintiff is entitled to any unpaid wages under either the FLSA or the IMWL because he is exempt from those statute's overtime requirements. Defendant further denies that Plaintiff is entitled to liquidated damages because it exercised good faith and had reasonable grounds for believing that Plaintiff is exempt.

## II. DISCOVERY REPORT

The parties have agreed to a two stage discovery process. During the first stage, the parties agree to limit discovery to Plaintiff Marc S. Allen's individual claims. Upon the close of this first stage of discovery, the parties may file motions for summary judgment with respect to Plaintiff Allen's claims. If the Defendants prevail on their motion for summary judgment, the parties agree that the case is over, apart from any appeal. If the Defendants do not prevail on their motion for summary judgment, the parties agree that the case will enter the second stage of discovery relating to whether a collective action should proceed, and if one should proceed, notice will be issued allowing additional plaintiffs to join. Discovery will then be conducted related to these additional opt-in plaintiffs. *See e.g., Allen v. Aronson Furniture Co.*, 971 F. Supp. 1259 (N.D. Ill. 1997) ("in certain cases it might be appropriate to rule on a summary judgment motion prior to ruling on the class motion" and noting that "the court may use an accelerated summary judgment procedure prior to class certification to test plaintiffs' right to proceed to trial") (quoting FEDERAL PRACTICE & PROCEDURE, § 1785 at 127 (2d ed. 1986))).

### A. Discovery Conducted To Date

The parties have not conducted any discovery to date.

### B. Discovery Problems To Date

The parties have not experienced any discovery problems to date.

C.  **Further Discovery Needed**

During the first stage of discovery Plaintiff anticipates serving Requests for the Production of Documents and Interrogatories to the Defendants and taking depositions. Defendants anticipate issuing Requests for the Production of Documents to Plaintiff and taking Plaintiff's deposition. The parties propose revisiting this Discovery Plan, if necessary, after the Court rules on Defendants' motion for summary judgment with respect to Plaintiff Allen's individual claims.

D.  **Discovery Timeline**

The parties suggest the first stage of discovery be completed by October 15, 2008.

E.  **Expert Witnesses**

The parties do not anticipate needing expert witnesses for the named Plaintiff's claims. If the court denies Defendants' motion for summary judgment on the named Plaintiff's claims, then discovery shall be completed in accordance with this Court's Order.

F.  **Limitations on Discovery**

The parties have agreed to a two-stage discovery process, described above.

G.  **Special Discovery Needs**

Defendants do not anticipate any special discovery needs.

III. **PROPOSED SCHEDULING ORDER**

A.  **Date on Which Mandatory Disclosure will be made**

All disclosures required by Rule 26(a)(1) shall be made on or before August 1, 2008.

B.  **Anticipated Scope of Discovery**

The parties have agreed to a two-stage discovery process, described above.

C.  **Date for Discovery Completion**

The first stage of discovery shall be completed by October 15, 2008.

3

    **D.**    **Proposed Deadline for Joining Other Parties and Amending the Pleadings**

August 15, 2008, unless the Court denies Defendants' motion for summary judgment in which case actions to join other parties shall be completed in accordance with the Court's Order and all applicable provisions of the FLSA.

    **E.**    **Proposed Dispositive Motion Deadline**

Dispositive motions on the individual claims asserted by Plaintiff Allen to be filed by November 15, 2008. If the Defendants' dispositive motion is not granted, then the parties will proceed to a second stage of discovery. The parties propose revisiting this discovery plan at that time.

    **F.**    **Potential for Settlement**

The parties believe that settlement of this matter is a possible and are in the process of discussing settlement possibilities at this time.

**DATED: July 23, 2008.**    Respectfully submitted,

    MARC S. ALLEN

    By:    /s/ John W. Billhorn
           One of His Attorneys

John W. Billhorn
BILLHORN LAW FIRM
515 N. State Street, Suite 2200
Chicago, Illinois 60610
(312) 464-1450 (telephone)

5

| | |
|---|---|
| **DATED: July 23, 2008.** | Respectfully submitted,<br><br>CITY BEVERAGE-MARKHAM, L.L.C., and MICHAEL DOWD, individually<br><br>By:    /s/ Julie S. Reyes<br>        One of Their Attorneys |

Noah A. Finkel
Rebecca P. Bromet
Julie C. Reyes
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)

5

CH1 11526904.1